# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**HAZNE FINIANOS,**

    Plaintiff,

    v.

**AMERICAN AIRLINES, INC., et al.,**

    Defendants.

Civil Action No. 09-1364 (GAG)

## OPINION AND ORDER

On November 9, 2009, defendants moved to transfer this action to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1404(a). (See Docket No. 19.) Pursuant to 28 U.S.C. § 1404(a), for the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. See Auto Europe, LLC v. Conn. Indem. Co., 321 F.3d 60, 64 (1st Cir.2003). "The Supreme Court has set forth some of the private interests of litigants that must be considered, such as 'the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises ...; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" Rivera-Carmona v. American Airlines, 639 F. Supp.2d 194, 197 (D.P.R. 2009) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)). "The burden of proof rests with the party seeking transfer as there is a strong presumption in favor of the plaintiff's choice of forum." Id.

The court finds that defendants in this action have satisfied this burden and have shown that transfer of this case is the proper action to take. All of the events which led to the abovementioned action occurred in the state of New York. Except for the plaintiff, all party and non-party material witnesses to the alleged accident work and reside within a reasonable daily commuting distance to

**Civil No. 09-1364(GAG)**                    2

the United States District Court for the Eastern District of New York. Additionally, Ms. Finianos was treated for injuries resulting from the alleged incident by medical professionals from the Jamaica Hospital. Furthermore, co-defendant ASMO, which is in the business of providing passenger assistance services for airlines, has no connection whatsoever to Puerto Rico, as it conducts no business in Puerto Rico. Finally, all of the potential witnesses identified by ASMO as part of its defense are residents of New York.

Therefore for the convenience of the parties, and in the interests of justice, defendants' motion to transfer under 28 U.S.C. 1404(a) is **GRANTED**. The instant case will be transferred to the United States District Court for the Eastern District of New York.

**SO ORDERED.**

In San Juan, Puerto Rico this 8th day of February, 2010.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge